IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 07-144-CG-B |
| GUERRIN SAINTIL | ) ) ) | |

**ORDER**

This matter is before the Court on Defendant, Guerrin Saintil's ("Saintil") Motion for Relief under Section 404 of the First Step Act (Doc. 176) and the United States' response (Doc. 179). Upon consideration and for the reasons set forth herein below, Saintil's motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2007, Saintil was indicted on one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), two counts of possession with the intent to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three), and one count for forfeiture pursuant to 21 U.S.C. § 853 (Count Four). (Doc. 28). On July 16, 2007, Saintil pled guilty to Count One. (Doc. 48).

According to the Presentence Investigation Report ("PSR"), Saintil was involved with 4 kilograms of powder cocaine and 10 kilograms of crack cocaine therefore, Saintil's base offense level under U.S.S.G. § 2D1.1 was 38. (Doc. 54). However, Saintil was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, a three-level enhancement

pursuant to U.S.S.G. § 3B1.1(b) for his role as a manager or supervisor in a conspiracy that involved five or more participants, a two level reduction for his acceptance of responsibility, and a one level reduction for timely notifying the government of his intent to plead guilty. (*Id.*) As a result, Saintil's total offense level was 40. (*Id.*) His criminal history category was III. (*Id.*) An offense level of 40 with a criminal history category of III produced a guidelines range of 360 months to life imprisonment. (*Id.*) His offense additionally carried a mandatory minimum sentence of ten years and a mandatory maximum sentence of life. (*Id.*) On December 17, 2007, a sentencing hearing was held during which the Court determined that Saintil was responsible for at least 4.5 kilograms of crack equivalent. (Doc.73 at 99; PageID.375). Saintil was sentenced to 360 months' imprisonment on Count One. (Doc. 66). Counts Two and Three were dismissed. (*Id.*) Saintil's conviction and sentence were confirmed on appeal in November 2008. (Doc. 79).

Prior to the instant motion, Saintil filed five motions for a reduction of sentence. (Docs. 114, 127, 131, 154, and 167). Two of the motions have been granted which resulted in Saintil's sentence being reduced to 292 months and later 235 months. (Docs. 137 and 174). Saintil has now filed the instant motion seeking a reduction pursuant to § 404 of the First Step Act of 2018. (Doc. 176). The Government has responded in opposition (Doc. 176) and the matter is ripe for adjudication.

## DISCUSSION

Saintil contends he is eligible for a reduction of his sentence under § 404 of the First Step Act of 2018 ("FSA").

In relevant part, the Act sets forth as follows:

> (b) Defendants Previously Sentenced.  A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221.  The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.

Saintil's motion relies on the indictment in his case to establish his eligibility for a reduction under the FSA.  Saintil asserts that if he were sentenced today, he would no longer be subject to the mandatory minimum sentence of 10 years and would instead be subject to the penalties under § 841(a)(1)(B) of five years to forty years imprisonment. (Doc. 176 at 4; PageID.885).  Saintil acknowledges that he has already received the benefit of the reduced sentencing guidelines, but seeks a reduction of his sentence in accordance with the FSA's reduced statutory range. (*Id.*)[1]

---

[1] Saintil additionally submits that a hearing on his motion is necessary. (Doc. 176 at 8; PageID.882).  However, such a hearing is not warranted. *See United States v. Glover*, 377 F.Supp.3d 1346, 1356-57 (S.D. Fla. May 1, 2019).  Accordingly, Saintil's request for a hearing is denied.

The United States argues that the Court should look to the facts underlying Saintil's conviction as set forth in the PSR and as acknowledged at Saintil's sentencing hearing to determine what Saintil's eligibility for a reduction of sentence under the Fair Sentencing Act. (Doc. 179 at 4-7; PageID.901-04). As such, the Government contends that because Saintil was responsible for 4.5 kilograms of crack cocaine, but at the very least 700 grams per Saintil's own testimony, an amount which exceeds the current threshold of 280 grams for the penalties in 21 U.S.C. § 841(b)(1)(A), he is not eligible for a reduction of sentence under the FSA. (*Id*.) Moreover, the Government asserts that even if Saintil is eligible for a reduction, this Court should deny the requested relief. (*Id*. at 7-8; PageID.904-05).

The Court finds the Government's position regarding eligibility is not compelling for two reasons. First, when determining the statutory penalty for an offense, the Court looks to the offense charged in the indictment, not the quantity for which the defendant is held responsible in a PSR or at sentencing. Second, a PSR establishes a factual basis for a sentence and includes an amount of controlled substance for which a defendant is responsible for purposes of relevant conduct, i.e., for purposes of determining the guidelines. The PSR cannot amend the indictment.

As succinctly stated in United States v. *Pierre*, 372 F.Supp.3d 17, *22, 2019 WL 1495123, *5 (D.R.I. Apr. 5, 2019):

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.

4

> The Government's approach, while reasonable, is problematic in several ways. First, it effectively requires the Court to employ a prosecutor-friendly "way-back machine" to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect.

*United States v. Pierre*, 2019 WL 1495123 at *5.

The undersigned also finds persuasive *United States v. Davis*, No. 4:92-cr-04013-WS-CAS (N.D. Fla. Mar. 6, 2019), ECF No.2245, wherein the district court explained as follows:

> Congress could have directed district courts to do what the government suggests. Instead, in the First Step Act, Congress authorized district courts to reduce the sentence of a defendant "as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act,§ 404(b). If section 2 of the Fair Sentencing Act had been in effect when Davis's covered offense was committed, this court would have been obliged to inform Davis at arraignment that he was facing a five-to-forty-year statutory penalty range, not a ten-year-to-life range. Congress did not direct district courts to consider, and this court declines to consider, what the government might have charged had the Fair Sentencing Act been in effect when Davis's offense was committed.

The Court finds that Saintil's crack cocaine offense constitutes a "covered offense" under § 404(a)[2] of the First Step Act and that none of the limitations of § 404(c)[3] apply.  Therefore, the Court has the authority to resentence Saintil "as if"

---

[2] "(a) Definition of Covered Offense.  In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."

[3] "(c) Limitations. No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the Fair Sentencing Act's lower threshold quantities for sentences had been in place when he was sentenced.[4]

The revised calculation under the sentencing guidelines yields a total offense level of 36[5] and a criminal history category of III. As a result, if sentenced today, Saintil's sentencing guidelines range would be 235 to 293 months. His reduced statutory range would be five to forty years imprisonment under § 841(b)(1)(B). However, because Saintil's sentence of 235 months is already on the low end of the sentencing guidelines range and well within the reduced statutory sentence under § 841(b)(1)(B), the Court finds that a sentence of 235 months remains an appropriate sentence.

In reaching this decision, the Court has considered relevant portions of the docket including the presentence investigation report and the testimony offered at Saintil sentencing hearing. Specifically, the Court notes that Saintil is a dealer of

---

[4] The Court notes that the First Step Act of 2018 does not mandate resentencing of eligible defendants. Section 404(c) states that "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

[5] This offense level takes into account Amendments 782 and 789 (which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table); and 750 and 759 (which reduced offense levels for certain quantities of crack to correspond to the Fair Sentencing Act). It appears to be the majority view among courts that have addressed the issue, that upon resentencing the Court should incorporate all of the applicable retroactive guideline amendments. *See United States v. Clarke*, No. 3:04-CR-00069-001, 2019 WL 1140239, at *3 (W.D. Va. Mar. 12, 2019) ("The Government asserts that 'the Court should not reexamine any guideline issues determined at sentencing other than those directly impacted by the First Step Act. It does make sense, however, to incorporate the retroactive guideline reductions to § 2D1.1 to avoid the need to address subsequent motions under those Amendments.' "); *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *3 (W.D. Va. Feb. 22, 2019) (applying the drug quantity guidelines in effect now); *United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.");*United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("As recalculated, Davis is now a total offense level 33 and criminal history category II....");*United States v. Dodd*, No. 3:03-CR-00018-3, 2019 WL 1529516, at *2 (S.D. Iowa Apr. 9, 2019) ("Defendant's Sentencing Guidelines range has also changed."

large amounts of crack cocaine and powder cocaine. The record reflects that Saintil has a long criminal history which includes several incidents that involved violence. The record also indicates that Saintil dealt drugs while in possession of a dangerous weapon. These facts do not support a reduction of Saintil's sentence. Moreover, Saintil has additionally failed to present the Court with any information regarding his conduct while incarcerated which would support a further reduction of his sentence.[6]

As such, based on the relevant considerations before this Court, a reduction of Saintil's sentence is not warranted. Rather, the Court finds that the guidelines are reasonable and a because Saintil's current sentence of 235 months is already on the lowest end of his guideline range, this Court is not inclined to further reduce Saintil's sentence.

**DONE** and **ORDERED** this 19th day of June, 2020.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Instead, Saintil has only requested a hearing be held in order for the Court to consider the sentencing factors pursuant to 18 U.S.C. § 3553(a), which is not warranted for purposes of the FSA. (*See* FN 1 and FN 4)