IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 07-144-CG-B |
| GUERRIN SAINTIL | ) ) ) | |

## ORDER

This matter is before the Court on Defendant, Guerrin Saintil's ("Saintil") Motion for Reconsideration for Relief under Section 404 of the First Step Act (Doc. 182). Upon consideration and for the reasons set forth herein below, Saintil's motion is DENIED.

## DISCUSSION

The factual and procedural background relevant to the instant motion is described at length in this Court's previous Order denying Saintil a reduction in sentence pursuant to the First Step Act ("FSA")(Doc. 181) and, therefore, will not be restated herein. Relevant to this motion, however, is that Saintil is currently serving a sentence of 235 months for conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846. In 2019, Saintil filed a motion seeking a reduction pursuant to § 404 of the First Step Act of 2018. (Doc. 176). This Court found that Saintil was eligible for a reduction of sentence under the FSA, but denied his motion in its discretion. (Doc. 181). The instant motion to reconsider followed. (Doc. 182).

Saintil moves for this Court to reconsider its previous order denying him relief under the FSA. In support, Saintil provided evidence relating to his post incarceration conduct. However, Saintil did not set forth any legal or factual grounds on which a reconsideration is warranted. Rather, he simply restates his previous arguments and seeks to have this Court reexamine its previous unfavorable ruling. The Court commends Saintil for his efforts to better himself while incarcerated. However, this Court has previously addressed and rejected Saintil's claims that he is entitled to a further reduction in sentence. As such, the Court is without a reason to reconsider its previous position.

Because Saintil's motion again seeks to have his sentence reduced, this Court alternatively construes the motion as a second motion for Relief under Section 404 of the FSA. However, section 404(c) of the FSA states that "[n]o court shall entertain a motion made under this section to reduce a sentence … if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. 115-391, 132 Stat. 5194 (2018). Because this Court has already reviewed Saintil's initial Motion for Reduction of Sentence brought pursuant to the First Step Act and denied it on the merits, the Court is now without jurisdiction to review his Second Motion for Reduction or Modification of Sentence pursuant to the First Step Act.

Finally, even if the Court had jurisdiction to review Saintil's Second First Step Act Motion, the Court would deny it. As previously indicated in this Court's order on Saintil's first motion, Saintil's sentence is already on the lowest end of his

guideline range and a consideration of the factors set forth at Section 3553(a), even including Saintil's post incarceration behavior, do not warrant further reduction of his sentence. In sum, the argument and facts provided to the Court in Saintil's current motion do not compel a different outcome.

## CONCLUSION

Upon consideration and for the reasons set forth herein above, Saintil's motion is DENIED.

**DONE** and **ORDERED** this 24th day of September, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE